**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**DEWAYNE MOSS, JR.**                                                                                   **PLAINTIFF**

V.                                        NO. 5:16CV00038 SWW/PSH

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                                                   **DEFENDANT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Dewayne Moss, Jr., applied for disability insurance benefits on February 20, 2013. (Tr. at 20). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 29). The Appeals Council denied Mr. Moss' request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Moss has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II. The Commissioner's Decision:**

The ALJ found that Mr. Moss had not engaged in substantial gainful activity since the alleged onset date of December 11, 2011. (Tr. at 22). The ALJ found at Step Two that Mr. Moss

had the following severe impairments: sarcoidosis,[1] back pain, depression, and anxiety. *Id.* At Step Three, the ALJ determined that Mr. Moss' impairments did not meet or equal a listed impairment. (Tr. at 23). Before proceeding to Step Four, the ALJ determined that Mr. Moss had the residual functional capacity ("RFC") to perform light work except for the following limitation: 1) no exposure to pulmonary irritants such as dust, fumes, or gases and no exposure to temperature extremes; 2) routine but superficial interpersonal contact; 3) complexity of tasks learned by experience with several variables; 4) judgment within limits; and 5) little supervision for routine tasks and detailed supervision for non-routine tasks. (Tr. at 24). Next, the ALJ found that Mr. Moss is unable to perform past relevant work. (Tr. at 27). Evaluating testimony from the Vocational Expert ("VE"), the ALJ held that based on Mr. Moss' age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that he could perform. *Id.* Consequently, the ALJ found that Mr. Moss was not disabled. (Tr. at 29).

**III. Discussion:**

    A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing

---

[1] Sarcoidosis "is an inflammatory disease that affects one or more organs but most commonly affects the lungs and lymph glands. As a result of the inflammation, abnormal lumps or nodules (called granulomas) form in one or more organs of the body. These granulomas may change the normal structure and possibly the function of the affected organ(s)." my.clevelandclinic.org.

analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Mr. Moss' Arguments on Appeal

Mr. Moss argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ erred by failing to meet his burden at Step Five. Reviewing the entire record, the Court finds that the ALJ's determinations were supported by substantial evidence.

The medical records do not support a finding of disability. As for the sarcoidosis, four chest x-rays in 2012 were essentially stable except for a lesion believed to be aspergilloma.[2] (Tr. at 254-259). On April 11, 2012, Mr. Moss was seen at the VA hospital and Dr. Thaddeus Bartter, M.D., found outstanding pulmonary function, describing it as "the best ever." (Tr. at 468). He

---

[2]Aspergilloma is a "fungus ball" that grows in the lungs or sinuses, but usually does not spread to other parts of the body. www.cdc.gov.

3

recommended stopping prednisone. *Id.* At a June 8, 2012 appointment, Dr. Madiha Syed, M.D., noted that Mr. Moss was off steroids and doing well with stable symptoms. (Tr. at 367). Dr. Kristin Wheeler, M.D. observed coughing and wheezing by Mr. Moss on August 29, 2012, but no fever, chills, weakness, night sweats, or weight change. (Tr. at 358).  Dr. Wheeler prescribed codeine and doxycycline for what appears to have been a one-time infection. (Tr. at 359).  On October 3, 2012, Dr. Bartter noted symptomatic improvement. (Tr. at 347).  On March 18, 2013, Dr. Leroy Q. Booe, M.D., who was Mr. Moss' PCP, noted his respiratory condition would impact his ability to work and that he would be limited to no climbing and walking 1/4 mile.  He found no sedentary restrictions. (Tr. at 520).

Dr. Jennifer Casey, M.D., submitted a letter on June 19, 2014, after the hearing, in which she opined that Mr. Moss was unable to work on a permanent basis due to his sarcoidosis.  (Tr. at 575). This opinion does not reference any medical records or clinical testing in particular, and it does not correlate with the progress Mr. Moss experienced over the relevant period.  He responded to treatment and his condition improved.  Impairments that are controllable or amendable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

The state-agency physician, Dr. Kay Cogbill, M.D., noted that Mr. Moss was doing some work fixing small machines for people.  (Tr. at 58).  He likewise told his therapist that he worked on phones and other electronics for other people. (Tr. at 306).  Working generally demonstrates an ability to perform a substantial gainful activity, and it is inconsistent with complaints of disabling pain. *Naber v. Shalala*, 22 F.3d 186, 188-89 (8th Cir. 1994).  After a review of the medical records, Dr. Cogbill concluded that Mr. Moss would be limited to light work with limited exposure to environmental hazards.  (Tr. at 58, 60).  This opinion is supported by the medical record, and the

ALJ gave it the proper weight. The letter submitted by Dr. Casey to the Appeals Council did not find support in the record and was properly considered and discounted by the Appeals Council. (Tr. at 2).

Mr. Moss did not raise his other impairments in the argument section of his complaint, but the Court notes that the medical evidence reveals generally mild depression and moderate back pain that responded to treatment. The Court also notes that Mr. Moss did not follow up with physical therapy although his doctors found it to be effective for back pain and urged him to continue. (Tr. at 299 and 458). A failure to follow a recommended course of treatment weighs against a claimant's credibility. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005). On the whole, the ALJ's findings were consistent with the medical evidence and he did not err in his Step Five analysis.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Mr. Moss is not disabled. The weight given to doctors and Step Five analysis was proper. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 1st day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE